IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL DOYLE,
        Plaintiff,

v.

JOHN J. TALABER, et al.,
        Defendants.

1:19-cv-2156

Hon. John E. Jones III

**MEMORANDUM**

**January 16, 2020**

Presently before the court is a civil rights complaint pursuant to 42 U.S.C. § 1983, filed by Michael Doyle ("Doyle" or "Plaintiff"), a state inmate currently housed at the Southern State Correctional Facility in Delmont, New Jersey. Doyle seeks to proceed *in forma pauperis*. (Doc. 2). Also pending is his motion (Doc. 3) to appoint counsel.

For the reasons set forth below, the motion to proceed *in forma pauperis* will be granted for the sole purpose of the filing of the action and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Doyle's motion (Doc. 3) to appoint counsel will be denied.

**I.    STANDARDS OF REVIEW**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED.R.CIV.P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236

2

(1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). In addition to considering the facts alleged on the face of the complaint, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.' *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of

3

truth." (citation and editorial marks omitted)). Finally, '[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (footnote omitted). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 681.

Because Doyle proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II. DOYLE'S COMPLAINT

Doyle alleges that on July 12, 2018, he received his "Sentencing Status Sheet" from the Pennsylvania Department of Corrections ("DOC") Central Office. (Doc. 1, p. 6). "It was changed from May 2011 and May 2017 to October 2008 and October 2014 respectively." (*Id.*). He further alleges that, because of the parole board rescinding board actions, he has spent 184 days in jail on his first parole violation, 336 days in jail on his second violation, and 774 days on parole

4

after his maximum sentence date expired. (*Id.* at 8). He is seeking compensatory and punitive damages. (*Id.* at 6).

### III. DISCUSSION

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Doyle's claim is not cognizable under §1983. "[H]arm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under §1983, unless the conviction or sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

5

authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, at 486–87 (1994); *see also Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition."). *Heck* applies to claims involving monetary damages as well as those seeking equitable and declaratory relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 81 – 82 (2005). And it applies to parole board decisions. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006).

An award or decision in Doyle's favor involving a decision made by the parole board would necessarily imply the invalidity of his detention. Consequently, he cannot pursue a civil rights action under 42 U.S.C. § 1983. Instead, following exhaustion of his administrative remedies, his proper avenue of recourse in the federal courts is a petition for a writ of habeas corpus filed in the district of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973) (holding that habeas relief is available to challenge the fact or duration of confinement).

Based on the foregoing, Doyle's complaint will be dismissed for failure to state a claim upon which relief may be granted. Under the circumstances, the Court is confident that service of process is not only unwarranted but would waste the increasingly scarce judicial resources that §1915 is designed to preserve.

## IV. **LEAVE TO AMEND**

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital,* 293 F.3d 103, 114 (3rd Cir. 2002). The Court concludes that granting Doyle leave to amend would be futile as any civil rights claim is simply not cognizable at the present time.

## V. **CONCLUSION**

Based on the forgoing, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court will enter an appropriate Order.